IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STEPHEN P. KUEHL, individually and on behalf of the Estate of CHARIS A. KUEHL (deceased) and S.K. (deceased), and on behalf of N.K. and V.K., minors<br><br>-and-<br><br>MARY L. WITTE, individually and on behalf of the Estates of STEVEN L. WITTE (deceased) and LYDIA M. WITTE (deceased),<br><br>*Plaintiffs*,<br><br>v.<br><br>AIRBNB, INC., GENERALI U.S. BRANCH, ABC INSURANCE CO., YEVHEN HURTOVYI, IULIIA LYTVYNEKO, and TRAVELERS PERSONAL INSURANCE COMPANY,<br><br>*Defendants*. | Case No.: 25-cv-846<br><br>Removed from Juneau County Circuit Court (Case No. 2025CV000121)<br><br>**NOTICE OF REMOVAL** |

Defendant Airbnb, Inc. ("Airbnb"), pursuant to 28 U.S.C. § 1441, provides notice of removal of the above-captioned case to this Court from the Juneau County Circuit Court. Pursuant to 28 U.S.C. § 1446(a), in support of removal, Airbnb states as follows:

1. Airbnb is named as a defendant in Case No. 2025CV000121 filed in the Juneau County Circuit Court, styled *Stephen P. Kuehl et al. v. Airbnb, Inc. et al.* (the "State Court Action").

2. On June 30, 2025, Stephen Kuehl, individually and on behalf of the Estates of Charis A. Kuehl and S.K., and on behalf of N.K. and V.K. (minors), and Mary L. Witte,

1

individually and on behalf of the Estates of Steven L. Witte and Lydia M. Witte commenced the State Court Action against Airbnb, Generali U.S. Branch ("Generali"), ABC Insurance Co. ("ABC") (sued under fictitious name), Yevhen Hurtovyi and Iuliia Lytvyneko (the "Hosts"), and Travelers Personal Insurance Company ("Travelers" and collectively with Airbnb, Generali, ABC, and the Hosts "Defendants").

3. Plaintiffs assert four causes of action in their complaint: (1) Wisconsin common law negligence against all Defendants; (2) violation of Wis. Stat. § 100.18 against Airbnb; (3) premises liability against the Hosts; and (4) negligent infliction of emotional distress against all Defendants.

4. A defendant may remove an action from state court to federal court if the action could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a). This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiffs and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

5. The United States District Court for the Western District of Wisconsin includes Juneau County, the place in which the State Court Action is pending. *See* 28 U.S.C. § 130(b). Venue is therefore proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

6. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other documents filed in the State Court Action are attached, collectively, as **Exhibit A**. *See* Declaration of Eric J. Hatchell ("Hatchell Dec.") ¶ 2, Exhibit A.

**Complete Diversity**

7. Plaintiffs are citizens of Minnesota, Ohio, and Wisconsin.

   a. Plaintiffs Stephen Kuehl, along with his minor children N.K. and V.K., are domiciled in Minnesota and therefore are citizens of Minnesota. *See* Exhibit A, Compl. ¶¶ 5, 8.

   b. As the administrator and therefore "legal representative" of the Estates of Charis Kuehl and S.K., Exhibit A, Compl. ¶ 7, Stephen Kuehl assumes the citizenship of the decedents for the purposes of assessing diversity. *See Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008) (citing 28 U.S.C. § 1332(c)(2)). Charis Kuehl and S.K. were domiciled in Ohio at the time of their deaths and therefore were citizens of Ohio. *See* Hatchell Dec. ¶ 3, **Exhibit B**, Jul. 9, 2024 News Article, https://www.nujournal.com/news/local-news/2024/07/09/two-future-new-ulm-residents-die-in-house-fire/ (last visited Oct. 15, 2025) (indicating Charis and S.K. were domiciled in Ohio at the time of their of their deaths); Hatchell Dec. ¶ 6, **Exhibit E**, Redacted Juneau County Sheriff's Office report dated June 30, 2024 at p. 4 (indicating Charis was domiciled in Ohio at the time of her death).

   c. Plaintiff Mary Witte is domiciled in Wisconsin and therefore is a citizen of Wisconsin. *See* Exhibit A, Compl. ¶ 10.

   d. As the administrator and therefore "legal representative" of the Estates of Steven Witte and Lydia Witte, Exhibit A, Compl. ¶ 13, Mary Witte assumes the citizenship of the decedents for the purposes of assessing

3

diversity. Steven Witte and Lydia Witte were domiciled in Wisconsin at the time of their deaths and therefore were citizens of Wisconsin. *See* Hatchell Dec. ¶ 4, **Exhibit C**, Obituary of Steven Witte, https://wels.net/obituary-steven-lance-witte/ (last visited Oct. 15, 2025); Hatchell Dec. ¶ 5, **Exhibit D**, Obituary of Lydia Witte, https://thechurchco-production.s3.amazonaws.com/uploads/sites/2264/2024/07/lydia-and-steve-obits-4.pdf (last visited Oct. 15, 2025) (indicating Steven and Lydia were domiciled in Wisconsin at the time of their deaths); Exhibit E at pp. 4–5 (same).

8. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9. Defendants are citizens of Delaware, California, New York, Illinois, and Connecticut.

10. Airbnb is a Delaware corporation with its principal place of business in California. *See* Exhibit A, Compl. ¶ 14. Therefore, Airbnb is a citizen of Delaware and California.

11. Generali is a New York insurance company with its principal place of business in New York. Therefore, Generali is a citizen of New York.

12. ABC is sued under a fictitious name and its citizenship is therefore disregarded for the purposes of assessing removability based on diversity jurisdiction. *See* 28 U.S.C. § 1441(b)(1).

13. The Hosts (Yevhen Hurtovyi and Iuliia Lytvyneko) are domiciled in Illinois. Exhibit A, Compl. ¶¶ 17–18. Therefore, they are citizens of Illinois.

14. Travelers is a Connecticut corporation with its principal place of business in Connecticut. Therefore, Travelers is a citizen of Connecticut.

15. Because Plaintiffs are citizens of Minnesota, Ohio, and Wisconsin, and Defendants are citizens of Delaware, California, New York, Illinois, and Connecticut, complete diversity exists between the parties.

### Amount-in-Controversy

16. "[T]he notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii). Wisconsin law prohibits plaintiffs asserting tort-based claims from specifying the amount of money damages they seek. Wis. Stat. § 802.02(1m)(a) ("With respect to a tort claim seeking the recovery of money, the demand for judgment may not specify the amount of money the pleader seeks."); *see Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 699 (7th Cir. 2022).

17. Plaintiffs assert four causes of action in their Complaint, all of which sound in tort. *See* Exhibit A, Compl. ¶¶ 63–85. Accordingly, their Complaint does not specify the amount of damages they seek.

18. Because the Complaint does not specify damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-

controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

19. Here, Plaintiffs seek a variety of damages stemming from the deaths of four people including, but not limited to, damages for: wrongful death, pain and suffering, severe emotional distress, pecuniary loss including loss of income, loss of personal property including priceless family heirlooms, medical expenses, loss of earnings, loss of future earning capacity, and attorney fees. *See* Exhibit A, Compl. ¶¶ 68, 73, 79, 85.

20. It is reasonable to infer from these circumstances that more than $75,000 is in controversy in this matter. *See Chase v. Shop' N Save Warehouse Foods, Inc.*, 110 F.3d 424, 430 (7th Cir.1997) (holding reasonable probability jurisdictional amount satisfied based in part on plaintiff's allegations of "laundry list of serious and disabling injuries that will result in present and future damages" stemming from assault); *cf. Freeland v. Wal-Mart Stores E., LP*, 2010 WL 1981642, at *3 (W.D. Wis. May 17, 2010) ("A personal injury suit alleging injuries severe enough to require surgery as well as permanent injuries and pain and suffering, made it reasonable to infer that plaintiff would be seeking more than $75,000 in damages.").

## Other Removal Requirements

21. Airbnb was served with the Complaint and Summons in the State Court Action on September 17, 2025. This notice of removal is therefore timely under 28 U.S.C. § 1446(b)(1).

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs and a copy is being filed with the state court.

23. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants properly joined and served in the State Court Action join in and/or consent to the removal of this action.

24. By this Notice of Removal, Defendants do not waive any defense, jurisdictional or otherwise, which they may possess.

WHEREFORE, Notice is given that this action is removed from Juneau County Circuit Court to the United States District Court for the Western District of Wisconsin.

Respectfully submitted,

Dated: October 16, 2025

**FOLEY & LARDNER LLP**

*/s/ Eric J. Hatchell*
Eric J. Hatchell, WI Bar No. 1082542
Bryan T. Mette, WI Bar No. 1125800
150 East Gilman Street, Ste. 5000
Madison, WI 53703-1482
Phone: (608) 258-4270
ehatchell@foley.com
bmette@foley.com

*Attorneys for Defendant Airbnb, Inc.*

Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants properly joined and served in the State Court Action join in and/or consent to the removal of this action through the signatures of their undersigned counsel below.

**KENNEDYS LAW LLP**

*/s/ Joshua S. Patrick*
Joshua S. Patrick
30 S. Wacker Drive, Suite 3650
Chicago, IL 60606
Phone: (312) 207-2110
joshua.patrick@kennedyslaw.com

*Attorneys for Defendant Generali U.S. Branch*

4903-5693-2975

**HINSHAW & CULBERTSON LLP**

*/s/ Tomislav Z. Kuzmanovic*

Tomislav Z. Kuzmanovic
790 N. Water Street, Suite 1950
Milwaukee, WI 53202
Phone: (414) 225-4816
tkuzmanovic@hinshawlaw.com

**CRIVELLO, NICHOLS, & HALL, S.C.**

*/s/ Jeffrey T. Nichols*
Jeffrey T. Nichols
710 N. Plankinton Ave, Suite 500
Milwaukee, WI 53203
Phone: (414) 290-7549
jnichols@crivellolaw.com

*Attorneys for Defendants Yevhen Hurtovyi and Iuliia Lytvyneko*

**AMUNDSEN DAVIS, LLC**

*/s/ Michael R. Vescio*
Michael R. Vescio
111 East Kilbourn Avenue, Suite 1400
Milwaukee, Wisconsin 53202
Phone: (414) 847-6152
mvescio@amundsendavislaw.com

*Attorneys for Defendant Travelers Personal Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 16, 2025, a true and correct copy of the foregoing document was served upon the following attorneys for Plaintiffs via electronic mail and regular mail:

Stacy A. Alexejun
Sydney E. VanBerg
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI, 53703
stacy.alexejun@quarles.com
sydney.vanberg@quarles.com

Luke Witte
WITTE LAW OFFICES, LLC
1971 Washington Street #102
Grafton, WI 53024
luke@witte-law.com

/s/ *Eric J. Hatchell*
Eric J. Hatchell

*Attorneys for Defendant Airbnb, Inc.*