IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

STEPHEN P. KUEHL, *et al,*,

    Plaintiffs,                                                                 ORDER

    v.                                                                              25-cv-846-wmc

AIRBNB, INC., *et al.*,

    Defendants.

_____

At the request of counsel, the court held a video status conference today at which counsel participated to address matters now pending in this case, including: a motion to compel arbitration and stay proceedings by defendant Airbnb, Inc. (dkt. #8); appeals from Magistrate Judge Boor's orders on discovery (dkt. ## 40, 44 & 57); motion to compel discovery from defendant Airbnb, Inc. (dkt. # 52); and motion to stay current deadlines and trial date (dkt. ## 60, 62). For reasons stated more fully on the record, the court gave Airbnb until Tuesday, May 19, 2026, to supplement its briefing on the motion to compel arbitration with respect to: (1) the application of Cal. C. Civ. P. § 1281.2 given that the core of this case will proceed between plaintiffs and the host defendants regardless of the outcome of any arbitration between the Kuehl plaintiffs and Airbnb, *see Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior University*, 498 U.S.468, 476-79 (1989), *Rodgers-Rouzier v. American Queen Steamboat Operating Co., LLC*, 104 F.4th 978, 985-86 (7th Cir. 2024); and (2) elaborate how the Witte plaintiffs could be bound by Charis Kuehl's entry into an agreement under an agency or estoppel theory without any evidence that she was authorized to bind those other plaintiffs with respect to paying for their stay, the definition of "you" includes other guests under the terms of service, or an explicit or implicit understanding between Charis and the Witte

plaintiffs as to her ability to bind them to those terms for purposes of the rental of the subject house.  Other parties may have until Tuesday, May 25, 2026, to respond, and Airbnb may have until Friday, May 28, 2026, to reply.

In addition, the court modified the liability expert disclosure deadlines as follows:

> Proponent: August 17, 2026;
> Respondent: September 17, 2026; and
> Rebuttal October 16, 2026.

Relatedly, the court moved the dispositive motions deadline to September 30, 2026,  and directed the parties to meet and confer on disclosure acceptable dates as to disclosure of damages experts.  Apart from these scheduling modifications, the parties' requests to extend or stay remaining deadlines (dkt. ## 60, 62) are DENIED.

Finally, Airbnb is to meet and confer with plaintiffs' counsel as to an agreement on producing any evidence in its possession bearing on the origins, causation or damages arising out of the fire itself.  Failing that, plaintiffs may renew their motion to compel (dkt. #52).  To that end, Airbnb's appeal of the magistrate judge's ruling on the bounds of discovery (dkt. # 44) is DENIED; plaintiffs' motion to compel Airbnb's response to written interrogatories and requests for production (dkt. # 52) is STAYED without prejudice or costs; and the Magistrate's rulings shall otherwise stand as currently set forth in her text orders.

Entered this 12th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

2