IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEPHEN P. KUEHL, individually and on behalf of the Estates of CHARIS A. KUEHL (deceased), and S.K. (deceased), and on behalf of N.K. and V.K., minors, and MARY L. WITTE, individually and on behalf of the Estates of STEVEN L. WITTE (deceased) and LYDIA M. WITTE (deceased),

Plaintiffs,

v.

AIRBNB, INC., GENERALI U.S. BRANCH, ABC INSURANCE CO., YEVHEN HURTOVYI, IULIIA LYTVYNEKO and TRAVELERS PERSONAL INSURANCE COMPANY,

Defendants.

OPINION AND ORDER

25-cv-846-wmc

Defendant Airbnb and the Kuehl plaintiffs seek clarification of the status of these proceedings.[1] This case arises from a fire that killed six family members staying in a cabin rented through Airbnb. Stephen Kuehl and Mary Witte, on behalf of themselves, minor dependents, and the estates of their deceased family members, sued five defendants: (1) Airbnb; (2) the homeowners of the cabin, Yevhen Hurtovyi and Iuliia Lytvyneko; (3) insurer Generali U.S. Branch; and (4) insurer Travelers Personal Insurance Company. After Airbnb moved to compel arbitration on "all disputes *against Airbnb*" (dkt, #8 at 2 (emphasis added)), the court held arbitration of the Kuehl plaintiff's claims was

[1] Technically, Airbnb asserts that "no further order from the [c]ourt is required" to resolve their and the Kuehl plaintiffs' dispute. (Dkt. #113, at 2.) As explained below, that is not the case.

required by their agreement with Airbnb, but no such agreement existed with respect to the Witte plaintiff's claims against Airbnb. (Dkt. #97.) Airbnb appealed the latter ruling, then filed a "notice" asserting that "proceedings in this matter are automatically stayed pending resolution of Airbnb's interlocutory appeal" under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). (Dkt. #105 and Dkt. #106.) The Kuehl plaintiffs dispute that the automatic stay[2] extends to discovery relevant to their claims against the other defendants. (Dkt. #109.)[3]

The Kuehl plaintiffs are correct. Airbnb's appeal stays proceedings on the Witte plaintiffs' claims against Airbnb, including discovery solely directed to litigating those claims. However, it does not automatically stay discovery relevant to either group of plaintiffs' claims against other defendants, whether that discovery is sought from Airbnb or another custodian. The court's existing discretionary stay of merits decisions remains in effect, as does its express decision to permit discovery on claims remaining before this court subject to the stay more specifically outlined below.

## BACKGROUND

After removing this case to federal court, Airbnb moved in October 2025 to compel arbitration and stay proceedings. (Dkt. #8.) In December, Airbnb separately sought to

---

[2] Not to be confused with the bankruptcy automatic stay under 11 U.S.C. § 362.

[3] While the Witte plaintiffs and insurers Generali and Travelers take no position as to the automatic stay (dkt. #108; dkt. #110; dkt. #111), the homeowners support Airbnb's position. (Dkt. #112).

stay all discovery against it. (Dkt. #36.) Magistrate Judge Boor granted that request in part, allowing discovery to proceed but exempting Airbnb and its agents from depositions pending a ruling on arbitrability. (Dkt. #40.) In March, the Kuehl plaintiffs moved, among other things, to compel initial disclosures and substantive written discovery responses. (Dkt. #52.) The Witte plaintiffs joined that request, and Airbnb opposed it. (Dkts. ##52–55.) Following a May hearing, the court rejected Airbnb's discovery challenge and directed counsel to confer about producing fire-related evidence, emphasizing the need to preserve evidence that might otherwise be lost as to the fire's origin. (Dkt. #67 and Dkt. #69.)

On June 8, the Kuehl plaintiffs moved to compel evidence and information concerning artifacts allegedly collected during an October 2024 inspection but unavailable by the time of plaintiffs' May 2026 examination. Specifically, plaintiffs sought either the artifacts or an accounting of their handling and whereabouts. (Dkt. #74 and Dkt. #75.) Defendants opposed the motion, generally denying possession of additional artifacts or knowledge of their location. (Dkts. ##76–82.) The Witte plaintiffs separately sought inspection records and depositions, prior renters' contact information, and broader discovery from Airbnb. (Dkt. #83 and Dkt. #84.)

On June 24, the court ordered defendants to produce responsive evidence as to the conduct of the October 2024 inspection no later than July 1, 2026, including materials held by any of defendants' retained investigators. The court also required Airbnb to provide past renters' contact information, arrange the Witte plaintiffs' requested depositions, and allow expert depositions if necessary to locate disputed artifacts. (Dkt.

#86, at 1–2.) Airbnb next sought reconsideration of the renter-information requirement (dkt. #88), which the court denied on July 6, warning that "similar frivolous discovery motions [] may be subject to sanctions." (Dkt. #90.) On September 1, the Kuehl plaintiffs renewed their motion to compel, alleging incomplete compliance with the court's June order. (Dkt. #95.) In particular, their supporting declaration stated that Airbnb produced prior renters' information on July 14 but inspection-related records remained outstanding. (Dkt. #96.)

On September 4, 2026, this court compelled arbitration of the Kuehl plaintiffs' claims against Airbnb but found the Witte plaintiffs had no such obligation. (Dkt. #97.) To avoid the "possibility of conflicting rulings resulting from piecemeal litigation," the court also granted Airbnb's request for a discretionary stay of merits decisions on all claims against all defendants pending the Kuehl plaintiffs' arbitration. (*Id*. at 38–39.) However, the court expressly declined to stay discovery, again citing, among other reasons, "the need to preserve evidence at this point." (*Id*. at 39–40.)

Less than two weeks later, Airbnb appealed the denial of arbitration of the Witte plaintiffs' claims and asserted that its appeal automatically stayed all proceedings, including discovery. (Dkt. #105 and Dkt. #106.) While the court considered the parties' positions on that issue, the homeowners reported that missing evidence had been located at a Minnesota warehouse. (Dkt. #114.)

## OPINION

Ordinarily, a stay of litigation does not arise from a party's unilateral act but lies within the trial court's discretion upon a determination that a movant has satisfied the demanding standard. *See Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citation omitted). One exception is the appellate-divestiture rule. In *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), the United States Supreme Court explained that this judge-made doctrine derives from a "general[] underst[anding] that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," and provides that a party "filing [] a timely notice of appeal confers jurisdiction over the matter on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Id*. at 58 (citations omitted). As informed by *Griggs*, courts have subsequently read this decision to dictate that at least for appeals of some matters, the conferral of jurisdictional may also establish a stay of certain proceedings in the district court, as explained below, just as an appeal of the entire case may work as a stay of all matters. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir. 1986) ("judgment[s] which determine[] the entire action,... the district court loses its power to take any further action in the proceeding" once appellant files) (citing *Griggs*, 459 U.S. at 58; *Asher v. Harrington*, 461 F.2d 890, 895 (7th Cir.1972)); *Nicol v. Gulf Fleet Supply Vessels*, 743 F.2d 298, 299 (5th Cir. 1984); MOORE'S FEDERAL PRACTICE ¶ 203.11, at 3–44 to 3–46).

For interlocutory appeals, including from preliminary injunctions, partial final determinations or ancillary matters, the application of a stay under the appellate-divestiture rule can be less straightforward. Most notably, courts have struggled with the rule as to interlocutory appeals that by definition involve dual-judicial proceedings at the appellate and trial court levels. *See Goshtasby v. Bd. of Trs. of Univ. of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997) (rejecting application of the appellate-divestiture rule involving the "any formal division of 'jurisdiction' between trial and appellate courts"; *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) ("The [effect of the appellate-divestiture rule] is especially significant when the appeal is an interlocutory one. Unlike an appeal from a final judgment, an interlocutory appeal disrupts ongoing proceedings in the district court."). In *Coinbase*, at least "for an appeal from an interlocutory order may endow both courts with authority over discrete portions of the case," the Supreme Court resolved those struggles for one subset -- appeals from arbitrability denials.

Under 9 U.S.C. § 16(a), when a federal trial court denies a motion to compel arbitration, the movant can file an interlocutory appeal of that decision as a matter of right. *Coinbase*, 599 U.S. at 740 ("Notably, [9 U.S.C. § 16(a)] provide[s] for immediate interlocutory appeals of orders *denying*—but not of orders *granting*—motions to compel arbitration." (emphasis in ordered)). Before *Coinbase*, the circuits agreed that an appeal prevented the district court from revisiting the arbitrability decision itself but disagreed whether it also prevented proceedings on the merits of the claims at issue. *Cf. Coinbase*, 599 U.S. at 759 n. 4 (J. Jackson, dissenting). *Coinbase* resolved that disagreement, holding that "the district court must stay its proceedings while the interlocutory appeal on

arbitrability is ongoing." *Id.*, at 740.[4] Because the appeal would determine whether the case belonged in arbitration or district court, the Court reasoned that "the entire case is essentially 'involved in the appeal'." *Id.*, at 741 (citation omitted).

Accordingly, Airbnb reads the application of the appellate divestiture rule in *Coinbase* as staying "all proceedings" in this case until its appeal is resolved. (Dkt. #106, at 1–2.) The Kuehl plaintiffs also agree that proceedings on the Witte plaintiffs' claims against Airbnb are stayed, but they dispute that this stay reaches discovery with respect to their claims against the other defendants. In particular, they seek to proceed with discovery concerning alleged spoliation of the fire scene and evidence removed from it, arguing that those issues remain relevant to claims before this court regardless of the outcome of Airbnb's appeal and that evidence held by Airbnb could be obtained through a Rule 45 subpoena even if Airbnb's appeal succeeds. (Dkt. #109, at 3–4.) The Kuehl plaintiffs similarly advance two arguments for being able to proceed with discovery to preserve evidence based on *Coinbase* itself and based on other courts interpretation of the appellate-divestiture rule following *Coinbase*. While Airbnb contests both arguments, the court agrees that discovery under the Federal Rules of Civil Procedure should be allowed to proceed with respect to third-party claims that will proceed in this court however any claims against

[4] Decades before the position ultimately adopted nation-wide by the Supreme Court in *Coinbase*, the Seventh Circuit had arrived at the same conclusion. *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997). Indeed, to come to its holding, *Coinbase* relied heavily on the Seventh Circuit's earlier opinions. *Coinbase*, 599 U.S. at 741 (quoting *Bradford-Scott*, 128 F.3d at 505-06, and *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989)).

Airbnb may be resolved in arbitration, especially as they concern the preservation of evidence.

The Kuehl plaintiffs first argue that *Coinbase* did not address claims against other defendants plainly *not* subject to arbitration. (Dkt. #109, at 4–5.) To begin, since *Coinbase* involved one defendant and all the claims at issue were potentially arbitrable. *Coinbase*, 599 U.S. at 738–41. Airbnb responds that this distinction disregards the *Coinbase's* reference to the "entire case" and its concern that continued discovery would undermine arbitration's benefits. (Dkt. #113, at 2 (citing *Coinbase*, 599 U.S. at 740–43).)

Airbnb's reading detaches that language from the question that *Coinbase* decided. In *Coinbase*, reversal of the arbitrability ruling would have required arbitration of *all* claims at issue. Continuing to litigate the merits of those claims in federal court would, therefore, have required the very proceedings the appeal sought to avoid. Here, Airbnb's appeal will determine only whether the Witte plaintiffs must arbitrate their claims against Airbnb. Neither a reversal nor affirmance on appeal would send plaintiffs' claims against these other defendants to arbitration.[5] Accordingly, *Coinbase*'s reasoning does not require suspending discovery on all claims; factual overlap alone does not place the arbitrability of those other claims before the court of appeals, nor will they ever be.

That same distinction between the plaintiffs' claims against Airbnb, and those against other defendants for whom no right to arbitration has even been asserted answers

[5] Nor would either outcome affect the Kuehl plaintiffs' claims against those other defendants, which remain before this court regardless of the pending arbitrability appeal as explained below.

its concern about losing the benefits of arbitration. Certainly, Airbnb is entitled to a stay of litigation of the Witte plaintiffs' claims *against it* while the arbitrability of those claims is decided. However, an asserted right to arbitrate those claims does not, by itself, establish a right to withhold evidence relevant to claims against others, since discovery sought to litigate those other claims would be necessary regardless of the appellate outcome. That some evidence may also bear on the claims against Airbnb does not eliminate its relevance to claims that the appeal has not and cannot send to arbitration.[6]

The post-*Coinbase* decisions cited by the Kuehl plaintiffs support this same distinction, and Airbnb's attempts to distinguish them in no way justify the broader, automatic stay it asserts here. As an initial matter, the Kuehl plaintiffs cite *Avery v. TEKsystems, Inc.*, 757 F. Supp. 3d 973 (N.D. Cal. 2024), where the court rejected "a stay of the *entire* case [] when the pending interlocutory appeal only involves the arbitrability of a minority of the" plaintiffs' claims. 757 F. Supp. 3d at 976 (emphasis in original). The *Avery* court rejected an extension of *Coinbase* on the grounds that the fears underpinning the Supreme Court's holding did not exist for claims *not* subject to an arbitrability appeal, since the "'asserted benefits of arbitration … would [not] be irretrievably lost'" when

[6] The parties also dispute the significance of the *Coinbase's* statement that a district court may proceed with matters not involved in the appeal. 599 U.S. at 741 n.2. Airbnb correctly notes that the footnote concerned collateral matters and did not specifically authorize the discovery sought here. (Dkt. #113, at 2.) Thus, this court agrees the footnote does not resolve this dispute independently, but it does confirm that the stay's scope turns on what is involved in the appeal; in particular, the words "entire case" do not dispense with the court's duty to inquire what constitutes sufficient involvement.

allowing claims "not subject to an arbitration agreement" to proceed. *Id.* at 976-77. In particular, the *Avery* court found no basis for fear that ongoing discovery could compel parties to settle claims that the appellate court could would have held were arbitrable, since "[r]egardless of the outcome of the interlocutory appeal, the [non-arbitrable] claims … will proceed to expert discovery and trial absent a resolution between the parties prior to those proceeding." *Id.* at 977.

Airbnb asserts that *Avery* supports its position, having "stayed claims involving all plaintiffs who were subject of the arbitrability appeal, and arguing all plaintiffs here are or could be subject to arbitration," wholly ignoring that this statement applies only to claims against it, not against other defendants. (Dkt. #113, at 2 n. 1 (citing *Avery*, 757 F. Supp. 3d at 977).) Indeed, unlike in Avery, which involved one defendant, each group of plaintiffs here also asserts claims against other defendants that are not subject to Airbnb's arbitration motion or appeal. Accordingly, the relevant distinction is between effecting a stay of claims affected by the appeal and claims unaffected by it, not between plaintiffs who have some arbitrable claims and those who have none.

Plaintiffs also cite *In Re: Snowflake, Inc., Data Sec. Breach Litig.*, (D. Mont. Aug. 19, 2026), which *did* address whether *Coinbase's* stay extended to claims against defendants not subject to arbitration. 2026 WL 2427247, at *3. The *Snowflake* court rejected an extension of the stay to non-arbitrable claims since the defendant "fail[ed] to distinguish between the claims against it—that it argues are subject to arbitration—and the … [p]laintiffs' claims against" another defendant not subject to arbitration. *Id.* Accordingly, the *Snowflake* court held that: (1) the non-arbitrable defendant "must defend itself against the []

[p]laintiffs' claims regardless of [the arbitrable defendant's] appeal of the [c]ourt's arbitration order"; and (2) the parties, in the course of those claims, "w[ould] remain capable of seeking discovery from [the arbitrable defendant] … no matter what the [c]ircuit [court] concludes as [to that defendant's] pending appeal on arbitrability." *Id.* This is so, the *Snowflake* court explained because the arbitrable defendant would be subject to "the discovery process," whether it "remain[ed] a party to the litigation" or not. *Id.* While Airbnb labels this holding "inapposite" since "*Snowflake* involved a Rule 45 subpoena, but none is at issue here" (dkt. #113, at 2 n. 1 (citing *Snowflake*, 2026 WL 2427247, at *1)), that distinction only bears on the proper procedure for obtaining discovery, but does not support Airbnb's assertion that *all* discovery is automatically stayed.

Further, plaintiffs cite *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig. MDL No. 3040* (E.D. Mich. Feb. 28, 2024), where the court rejected a stay of all claims in an MDL due to the defendant's appeal challenging whether some of those claims were arbitrable. 2024 WL 868239, at *1. Airbnb argues that this case, too, is inapposite, since its holding turned on recognition unique to MDL litigation, and each consolidated case "'maintain[s] their distinct character'." (Dkt. #113, at 2 n. 1 (citing *Chrysler*, 2024 WL 868239, at *1).) However, Airbnb conveniently omits the *Chrysler* court's second rationale: the claims it would not stay were claims "not implicated in any way by either the motion to compel arbitration or the defendant's pending appeal of the ruling denying that motion," which would not be stayed "while a[] matter involving a minority of the plaintiffs works its way through the appellate process." *Chrysler*, 2024 WL 868239, at *1. Although the

procedural setting differs, that rationale applies equally here: Airbnb's appeal cannot compel arbitration of plaintiffs' claims against the other defendants.

Finally, plaintiffs cite *Pandolfi v. Aviagames, Inc.*, 2024 WL 4951258 (N.D. Cal. Dec. 3, 2024) and *Oracle Am., Inc. v. Procore Techs., Inc.,* 2025 WL 2223426 (N.D. Cal. Aug. 5, 2025), both of which rejected extending an automatic stay arising from one defendant's arbitrability appeal to claims against other defendants not seeking arbitration. 2024 WL 4951258 at *3; 2025 WL 2223426, at *1-*2. Airbnb would distinguish both of these cases as well, because the nonappealing defendants sought stays there, whereas Airbnb asserts the stay applies automatically. (Dkt. #113, at 2 n.1.) However, that argument belies Airbnb's position. While the identity of the party requesting a stay may matter to the equities supporting a discretionary stay, it does not determine the scope of a stay that, according to Airbnb, arises automatically by operation of law. Put differently, if *Coinbase* automatically stayed *every* claim and party in any case involving the appeal from a denial of a stay for some claims or some parties, that consequence would follow regardless of which defendant invoked it. But, of course, *Coinbase* had no reason to address the scope of a stay in a case involving arbitrable and non-arbitrable claims, much less parties not subject to an arbitration agreement at all.

Airbnb makes three, additional arguments against the Kuehl plaintiffs' position that at least warrant a response. First, Airbnb relies on this court's original stay to assert that it "has already stayed all substantive proceedings." (Dkt. #113, at 2 n.1.) Here, Airbnb materially misstate the court's prior orders. In its original arbitrability order, the court did *not* stay all substantive proceedings. Instead, the court stayed any determinations on the

merits of the parties' claims to avoid, if possible, inconsistent outcomes, but expressly (and in no uncertain terms) directed that discovery *proceed* in this case to avoid further delay in preserving evidence relevant to plaintiffs' claims against, at minimum, the homeowners. That discretionary stay remains in place, but does not supply the discovery stay Airbnb now asserts by its express terms. And while *Coinbase* adds a mandatory stay for proceedings and discovery on the Witte plaintiffs' claims against Airbnb, it does not convert the court's discretionary stay into a prohibition on discovery for all other, non-arbitrable claims.

Second, for the same reason, Airbnb's contention that the appeal does not materially alter the posture of the Kuehl plaintiffs' claims throughout this briefing. (Dkt. #113, at 1.) Their claims against Airbnb have already been referred to arbitration, while the claims against the other defendants have not. The Kuehl plaintiffs, therefore, have a direct interest in whether discovery relevant to those remaining claims can continue. As already discussed, Airbnb's status as a party to the arbitration agreement does not exempt it from providing evidence relevant to litigation against others. In particular, the Federal Arbitration Act did not abrogate third-parties' evidentiary duties under Rule 45. Accordingly, Airbnb cannot evade those duties due to an arbitration agreement as to its own disputes, regardless how the Seventh Circuit may rule as to their appeal.[7]

---

[7] Of course, any particular request must still comply with applicable discovery rules, including the appropriate procedure for obtaining evidence from Airbnb. As explained above, however, the absence of a presently issued Rule 45 subpoena does not establish an automatic stay of that discovery should one be properly sought.

Finally, Airbnb reject the Kuehl plaintiffs' allegation that "Airbnb is responsible" for spoilation of evidence as a "bald assertion" that has "no evidence." (*Id.* at 2.) The court acknowledges that this may be an unsupported accusation at this juncture. However, the only way to verify an allegation's veracity is through discovery, which Airbnb contends the court's arbitrability grant interdicts with respect to the Kuehl plaintiffs, and their appellate notice at least temporarily interdicts with respect to the Witte plaintiffs. As explained above, however, that contention is incorrect. Plaintiffs need not establish spoliation before seeking otherwise proper discovery into the collection, custody, handling, and location of fire-scene evidence that is highly relevant to their non-arbitrable claims against other defendants. Indeed, all of those subjects bear on the availability and integrity of evidence needed to litigate those claims, regardless of whether any spoliation has or will occur.[8]

## ORDER

IT IS ORDERED that:

1) Pending resolution of Airbnb's interlocutory appeal, proceedings on the Witte plaintiffs' claims against Airbnb, including discovery solely directed to litigating those claims, are STAYED under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).
2) This automatic stay does not extend to otherwise proper discovery relevant to either group of plaintiffs' claims against defendants other than Airbnb. Such discovery may proceed under the applicable discovery rules, including requests directed to Airbnb, even if the evidence may also bear on claims against Airbnb. Ordinary discovery objections remain available to all sides.

---

[8] While the homeowners' report that missing evidence has been located may narrow the remaining dispute, locating the evidence does not necessarily resolve questions about its handling or establish compliance with all outstanding discovery obligations. Discovery relevant to claims against the other defendants may, therefore, proceed, even if evidence held by Airbnb may also bear on any arbitrable claims against it.

3) The court's Opinion and Order (dkt. #97) otherwise remains in effect, including its referral of the Kuehl plaintiffs' claims against Airbnb to arbitration and its discretionary stay of merits decisions on all claims pending that arbitration as appropriate.

Entered this 5th day of November, 2026.

BY THE COURT:

_/s/________________________________
WILLIAM M. CONLEY
District Judge